IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIMINAL CASE NO. 18-305-PWG** |
| **MAURICE MCKAY,** | * | **(Civil Case No.: 19-3012-PWG)** |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Pending before me is Defendant Maurice McKay's Motion to Vacate Sentence under 28 U.S.C. § 2255(a). Mot., ECF No. 45. The Government filed a response in opposition, Opp., ECF No. 47, and Mr. McKay replied, Reply, ECF No. 52. I have reviewed the filings[1] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021); *Bray v. United States*, No. PWG-13-680, 2016 WL 5404559, at *2 (D. Md. Sept. 28, 2016) ("Although a *pro se* litigant is entitled to have his arguments reviewed with appropriate deference, the Court may summarily deny the motion without a hearing if the § 2255 motion, along with the files and records of the case, conclusively shows that [the prisoner] is not entitled to relief." (internal quotations omitted)). For the reasons stated below, I find that the Mr. McKay has failed to show cause for his procedural default and therefore he cannot collaterally attack his sentence under § 2255. Accordingly, Mr. McKay's Motion is DENIED and this case shall be closed.

---

[1] Mot., ECF No. 45; Supp., ECF No. 59; Opp., ECF No. 47; Reply, ECF No. 52.

**BACKGROUND**

On May 30, 2018, Mr. McKay was indicted on one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. Nearly a year later, on March 11, 2019, Mr. McKay entered into a plea agreement with the Government and pled guilty to this offense. ECF Nos. 27, 28. I sentenced him to a 48-month term of imprisonment to be followed by three years of supervised release.[2] ECF No. 41.

Mr. McKay's Motion is brief. He requests that the sentencing court vacate his sentencing in accordance with the Supreme Court's ruling in *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019). Mot. 2. Under *Rehaif*, the Government must prove he had knowledge of "all elements of 922(g) and 924's [sic]." *Id.* at 1. In its response in opposition, the Government argues that Mr. McKay's § 2255 claim is procedurally barred because he did not raise the claim in any prior proceeding and he cannot show actual innocence. Opp. 6. Even if he could get past this procedural hurdle, his claim fails on the merits. *Id.* at 12. Prior to this case, Mr. McKay served nearly a decade in prison upon pleading guilty to numerous felonies. *Id.* at 13. Thus, there is no rational basis for concluding that Mr. McKay did not know he had a prior conviction exceeding a one-year term of imprisonment. *Id.*

In his reply,[3] Mr. McKay reiterates his argument that *Rehaif* requires the Government to prove he had knowledge of every element of § 922(g). Reply 3. As to the Government's argument

---

[2]   Mr. McKay was released from prison on August 12, 2022. *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited December 5, 2022). Because he is serving a term of supervised release, he is still in "custody" for purposes of his Motion to Vacate Sentence. *Hatfield v. United States*, No. 5:10-CV-00128, 2013 WL 790008, at *1 (S.D.W. Va. Mar. 4, 2013) ("A movant's § 2255 remains viable while he is serving a term of supervised release.").

[3]   Since filing his reply, Mr. McKay has filed numerous other motions for relief from judgment. Several of these motions are related to his § 2255 motion, including ECF No. 59, a

that his claim is procedurally barred, Mr. McKay states that a § 2255 motion can be raised within one year of sentencing and a year has not passed since his sentencing. *Id.* at 4. He also questions how he could have been convicted and sentenced at all "if the Government didn't present the overwhelming evidence[.]" *Id.* at 5.

On January 18, 2021, the Government moved to hold in abeyance Mr. McKay's § 2255 motion, as well as the associated motions, ECF Nos. 59, 78, and 79, until the Supreme Court decided *United States v. Gary*, case no. 20-244. ECF No. 84 at 2. I granted the order, and the motion was held in abeyance until June 14, 2021 when the Supreme Court issued its opinion in *Greer v. United States*, 141 S. Ct. 2090 (2021) (consolidating *United States v. Gary* and *United States v. Greer*).

## DISCUSSION

28 U.S.C. § 2255(a) permits a prisoner to file a motion to vacate, set aside, or correct his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States[.]" The scope of the issues that may be raised in a § 2255 motion is limited to the issues previously raised on direct appeal. *Bray*, 2016 WL 5404559, at *4. If a petitioner did not raise on direct appeal the issues set out in his § 2255 motion, then his claims are procedurally defaulted and he may not "collaterally attack" his sentence unless he can show cause for failing to raise the claims on appeal and "actual prejudice resulting from the errors of which he complains[,]" or "actual innocence." *Id. See also U.S. v. Frady*, 456 U.S. 152, 167-68 (1982); *Bousely v. United States*, 523 U.S. 614, 621 (1998); *Gill v. United States*, No. CR RDB-13-0577, 2020 WL 3128953, at *4 (D. Md. June 12, 2020), *appeal dismissed,* 829 F. App'x 648 (4th Cir. 2020), and *appeal*

---

supplement to his § 2255 motion, ECF No. 78, a motion for release of custody pending decision on his § 2255 motion, and ECF No. 79, a motion to expand the record pursuant to Rule 7 and to dismiss the indictment.

*dismissed,* No. 22-6357, 2022 WL 3593766 (4th Cir. Aug. 23, 2022) ("It is well-settled that a § 2255 motion is not a means to circumvent a proper ruling on appeal.").

To establish cause, a petitioner must show "some objective factor external to the defense" impeded his ability to bring his claim. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). *See also United States v. Lighty*, No. CR PJM 03-0457-1, 2016 WL 8669911, at *3 (D. Md. Aug. 12, 2016) ("The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel."). Courts will not find cause simply "because a defendant failed to recognize and raise a claim on direct appeal. In order to determine whether a claim is novel enough to satisfy actual cause, courts ask not 'whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all.'" *United States v. Robinson*, No. CR ELH-14-0403, 2022 WL 16763734, at *3 (D. Md. Nov. 8, 2022) (quoting *Murray*, 477 U.S. at 537) (internal citation omitted).

Courts in this district have disagreed over whether a defendant who went to trial or pled guilty prior to the *Rehaif* decision has cause for failing to raise the issue of knowledge as an element. In *Dempster*, the Court stated that the defendant had "cause for failing to raise the issue of knowledge as an element previously because *Rehaif* was not announced until after he had already entered his plea and received his sentence." *United States v. Dempster*, No. CR PJM 14-0024, 2022 WL 486791, at *3 (D. Md. Feb. 17, 2022). Later that year, in *Robinson*, the Court held that "a *Rehaif* claim is not so novel as to excuse procedural default[,]" because even though *Rehaif* was not decided until 2019, "the issue of whether a defendant must know that he is a prohibited person under 18 U.S.C. § 922(g) was frequently litigated in the Fourth Circuit." *Robinson*, 2022 WL 16763734, at *3. *See, e.g. United States v. Langley*, 62 F.3d 602, 604 (4th Cir. 1995) (en banc)

4

(holding that a defendant need not know of his status as a prohibited person under § 922(g)); *United States v. Santiesteban*, 825 F.2d 779, 782 (4th Cir. 1987) (same); *United States v. Williams,* 588 F.2d 92, 92-93 (4th Cir. 1978) (rejecting arguments similar to those raised in *Rehaif*).

I need not decide whether I agree with *Robinson* or *Dempster* because, unlike in those cases, Mr. McKay had the opportunity to bring a *Rehaif* claim on direct appeal and failed to do so. Mr. McKay was sentenced on June 17, 2019, and the *Rehaif* opinion was issued on June 21, 2019, well within the fourteen-day limitations period to bring an appeal following judgment. *See* Fed. R. App. P. 4(b)(1)(A)(I). Mr. McKay does not allege any external factors prevented him from appealing his sentence and bringing a *Rehaif* claim. Thus, Mr. McKay has not established cause for procedural default. Because he has not established cause, I need not analyze the issues of whether he has shown actual prejudice or actual innocence, or whether his claim has any merit.[4]

## CONCLUSION

For the reasons explained above, Mr. McKay has not established cause for procedural default so he cannot collaterally attack his sentence. I must therefore deny his Motion to Vacate Sentence under § 2255.

---

[4] Even if Mr. McKay could establish cause for procedural default, it is highly questionable he could establish actual prejudice (*i.e.*, that, had he been properly informed of the "knowledge" element of a felon-in-possession charge, he would have presented evidence that he was not aware of his status as a felon, and that this evidence would have been sufficient to raise a reasonable probability that he would not have been convicted). *See Greer*, 141 S. Ct. at 2097 (explaining that the defendant has "the burden of showing that, if the District Court had correctly advised him of the *mens rea* element of the offense, there is a 'reasonable probability' that he would not have pled guilty."). Mr. McKay does not present any evidence that he was unaware that he had previously been convicted of crimes punishable by more than one year. Rather, both the Presentence Investigation Report, ECF No. 33 at ¶¶ 35, 38, and Mr. McKay's own sentencing memorandum describe the extensive time he had previously spent in the Maryland correctional system, ECF No. 35 at 5.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 and 2255 provides that the court must "issue or deny a certificate of appealability when it enters a final order adverse to the petitioner." *Brown v. United States*, Civil No. DKC-10-256, Crim. No. DKC-08-529, 2013 WL 4562276, at *10 (D. Md. Aug. 27, 2013). This certificate "is a 'jurisdictional prerequisite' to an appeal from the court's order" that "may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Id.* (quoting 28 U.S.C. § 2253(c)(2) and citing *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007)). If a court denies the Motion to Vacate on procedural grounds, "a certificate of appealability will not issue unless the petitioner can demonstrate both '(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Id.* (quoting *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir.2001)). In conducting an analysis under this two-prong test, a court "may proceed first 'to resolve the issue whose answer is more apparent from the record ….'" *Rose*, 252 F.3d at 685 (quoting *Slack v. McDaniel*, 529 U.S. 473, 485 (2000)). Here, the record of this case clearly supports my procedural ruling – the Supreme Court issued its *Rehaif* decision three days after Mr. McKay was sentenced and well within the fourteen-day window during which Mr. McKay could have appealed his sentenced and raised a *Rehaif* claim. Mr. McKay did not file a direct appeal and does not allege in his Motion that external factors prevented him from doing so; thus, he cannot establish cause for his procedural default. Mr. McKay therefore cannot demonstrate that a reasonable jurist would find it debatable whether the district court was correct in its procedural ruling, so this Court will not issue a certificate of appealability. *See Brown*, 2013 WL 4562276, at *10; 28 U.S.C. § 2253(c)(2). *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003);

Case 8:19-cv-03012-PWG   Document 2   Filed 12/07/22   Page 7 of 7

*Slack*, 529 U.S. at 484. However, this ruling does not preclude Mr. McKay from seeking a certificate of appealability from the Fourth Circuit. *See* 4th Cir. Loc. R. 22(a) (2022).

## ORDER

It is therefore ORDERED that:

1. Mr. McKay's Motion to Vacate Sentence, ECF No. 45, and Supplement, ECF No. 59, are DENIED.

2. The Clerk is directed to CLOSE this case.

Dated: December 8, 2022

/S/
Paul W. Grimm
United States District Judge

7